IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

KONG PHENG VUE,

                Plaintiff,

   v.

OFFICER BRENT OLSEN,
LT. MELINDA PAULS,
OFFICER K.T. BUCHKOSKI,
OFFICER C.A. ZIMMERMAN,
and OFFICER M.A. JAEGER,

                Defendants.

OPINION and ORDER

22-cv-368-wmc[1]

---

    Plaintiff Kong Pheng Vue is a prisoner at Stanley Correctional Institution. Vue alleges that an acquittance was able to steal property from his car because the defendant police officers failed to properly lock it after Vue's arrest. He seeks leave to proceed in forma pauperis, and he has made an initial partial payment of the filing fee as previously directed by the court.

    The next step is for me to screen Vue's complaint and dismiss any portion that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. §§ 1915 and 1915A. In doing so, I must accept his allegations as true and construe the complaint generously, holding it to a less stringent standard than formal pleadings drafted by lawyers. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). I will dismiss the case because Vue does not state a claim under federal law and this court cannot exercise jurisdiction over his state-law claims.

---

[1] I am exercising jurisdiction over this case for the purpose of this screening order only.

ALLEGATIONS OF FACT

On March 21, 2019, Wausau police officers Brent Olsen and Melinda Pauls stopped Vue's car and arrested him with the assistance of Officers Buchkowski, Zimmerman, and Jaegar. Olsen told Buchkowski to take Vue to the Marathon County Jail and Vue's passenger was placed in a squad car. The remaining officers then searched Vue's car and found a handgun and drugs.

Vue's car can only be locked "a certain way." Dkt. 1 at 3. When the search ended, Pauls closed the sunroof window and unsuccessfully tried to lock the car's doors. Pauls tried again to lock the car's doors after moving the car to another parking space. The officers then released Vue's passenger and everyone left the scene. Pauls indicates in her report of Vue's arrest that she secured his car. However, Vue's passenger later returned and stole clothing, accessories, cologne, notebooks, a GPS device, greeting cards and several thousand dollars in cash from the car. Vue reported the incident to the Wausau Police Department, but the police have not yet found Vue's passenger.

ANALYSIS

Vue contends that defendants were negligent, did not follow proper police procedure and violated his First, Fifth, and Fourteenth Amendment rights by failing to fully secure his car after they were done searching it. Dkt. 1 at 4–5. Vue's allegations do not implicate the First or Fifth Amendment, but the Due Process Clause of the Fourteenth Amendment prohibits states from "depriv[ing] any person of life, liberty, or property, without due process of law." U.S. Const. Amend. XIV, § 1. To state a § 1983 procedural due process claim, a plaintiff's allegations must demonstrate that he: (1) has a cognizable property or liberty interest; (2) has suffered a

deprivation of that interest; and (3) was denied due process. *Khan v. Bland*, 630 F.3d 519, 527 (7th Cir. 2010).

Vue describes a frustrating situation, but he cannot proceed on a due process claim. While Vue has an interest in the personal property taken from him, he does not allege that any of the officers or other state actor deprived him of that property. Rather, he claims he was robbed by an acquittance who remains at large. The allegation that police were negligent or violated department procedures in failing to fully secure Vue's car, without more, does not implicate his federal constitutional rights either. *See Daniels v. Williams*, 474 U.S. 327, 328 (1986) ("the Due Process Clause is simply not implicated by a *negligent* act of an official causing unintended loss of or injury to life, liberty, or property" (emphasis in original)); *Scott v. Edinburg*, 346 F.3d 752, 760 (7th Cir. 2003) (section 1983 protects plaintiffs from constitutional violations, not "departmental regulations and police practices").

Vue's contention that defendants were negligent implicates state law. *See Paul v. Skemp*, 2001 WI 42, ¶ 17, 242 Wis. 2d 507, 625 N.W.2d 860 (listing the elements of a negligence claim). But a federal court generally does not have jurisdiction over a state-law claim unless it is related to a federal claim that is pending in the same case, 28 U.S.C. § 1367, or the plaintiff and defendants are citizens of different states and the amount in controversy is greater than $75,000, 28 U.S.C. § 1332. Vue does not have a viable federal claim so I cannot exercise jurisdiction under § 1367. Vue does not allege that he and defendants are citizens of different states and nothing in the complaint suggests that they are, so I cannot exercise jurisdiction under § 1332 either.

I see no way that Vue could transform his allegations into a due process or other federal claim, so I will not provide him with an opportunity to amend his complaint. *See Bogie v.*

*Rosenberg*, 705 F.3d 603, 608 (7th Cir. 2013) ("[l]eave to amend need not be granted, however, if it is clear that any amendment would be futile").

ORDER

IT IS ORDERED that:

1. Plaintiff Kong Pheng Vue's complaint, Dkt. 1, is DISMISSED with prejudice with respect to Vue's federal claims for failure to state a claim upon which relief can be granted. Vue's state-law claims are dismissed without prejudice because the court lacks jurisdiction over those claims.

2. The court will not record a strike against Vue under 28 U.S.C. § 1915(g) because the court did not dismiss all claims in this lawsuit for one of the reasons enumerated in § 1915(g).

3. The clerk of court is directed to close this case.

Entered August 26, 2022.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge